UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
ERIK ALKE,

               Petitioner,                       MEMORANDUM AND ORDER
                                                         12-CV-5977 (RRM)

    - against -

DAVE ARTUS,

               Respondent.
----------------------------------------------------------X
ROSLYNN R. MAUSKOPF, United States District Judge.

       Petitioner Erik Alke, a state prisoner appearing through counsel, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Habeas Pet. (Doc. No. 1).) Petitioner seeks relief from his conviction, following a jury trial in the New York State Supreme Court, Queens County, for manslaughter in the second-degree. (*Id.* at 1.) Because the Court finds, for the reasons that follow, that the petition contains both exhausted and unexhausted claims, the habeas petition is DISMISSED without prejudice.

## BACKGROUND

       On November 9, 2009, petitioner was sentenced to an indefinite term of incarceration of three to nine years for his conviction for Manslaughter in the Second Degree in violation of N.Y. Penal Law § 125.15. (Addendum to Habeas Pet. (Doc. No. 1) at 2.) The New York State Supreme Court, Appellate Division, Second Department, affirmed petitioner's conviction on November 15, 2011, and leave to appeal to the New York Court of Appeals was denied on August 2, 2012. (Habeas Pet. at 3.)

       Petitioner filed the instant petition for writ of habeas corpus on December 3, 2012. (Habeas Pet. at 1.) On May 13, 2013, respondent moved to dismiss the habeas petition because petitioner failed to exhaust his state court remedies as required by 28 U.S.C. § 2254(b)(1)(A).

1

(Mot. Dismiss Habeas Pet. (Doc. No. 8).) Petitioner submitted a response to respondent's motion conceding "the subject petition raises mixed issues," that his claim for ineffective assistance of counsel is unexhausted, and that he may still pursue this claim in state court "in a *coram nobis* § 440.10 pleading to the trial court." (Pet'r's Resp. (Doc. No. 11) at 2–3.)

## DISCUSSION

Petitioner raises four grounds for granting relief in his habeas petition: (1) evidence at trial failed to establish guilt beyond a reasonable doubt, (2) petitioner was unlawfully denied the protections of *Miranda*, (3) the trial court's evidentiary rulings constituted a denial of due process of law, and (4) petitioner was provided with ineffective assistance of trial counsel based upon the cumulative effects of trial counsel's performance.[1] (Habeas Pet. at 6–10.)

As a general rule, a petitioner may only bring habeas claims pursuant to § 2254 if he has first exhausted his state court remedies as to each claim. A petitioner exhausts his state court remedies by "giv[ing] the state courts a fair opportunity to pass upon his federal claim." *Daye v. Attorney Gen. of State of N.Y.*, 696 F.2d 186, 191 (2d Cir. 1982) (en banc); *see also Picard v. Connor*, 404 U.S. 270, 276–77 (1971). To have fairly presented his federal claims to the New York courts, "petitioner must have informed the state court of both the factual and the legal premises of the claim he asserts in federal court." *Daye*, 696 F.2d at 191. When a petitioner's claims have not been presented to the state court in the appropriate manor, the claims are deemed unexhausted. *See Rhines v. Weber*, 544 U.S. 269, 274 (2005).

---

[1] Although petitioner lists only four grounds for relief in his habeas petition (*see* Habeas Pet. at 6–10), respondent reads six grounds for relief (*see* Mot. Dismiss Habeas Pet. at 8–9). The Court notes that respondent lists petitioner's claim regarding the trial court's evidentiary rulings twice and reads an additional claim of prosecutorial misconduct arising out of allegations that the prosecutor allowed the introduction of false testimony and used evidence to create a false impression of material fact concerning where and how the victim was shot. (*See* Addendum to Habeas Pet. at 42–44.) The Court need not address whether petitioner has indeed raised this claim in his habeas petition or whether petitioner has shown cause and prejudice for failing to raise this claim on direct appeal because it finds that the petition is mixed based on petitioner's inclusion of a different unexhausted claim that petitioner may still pursue in state court.

When confronted with a "mixed petition" – that is, one that contains both exhausted and unexhausted claims – a district court has the discretion to proceed in four distinct ways. *See Rhines*, 544 U.S. at 273–74. First, the district court may dismiss the entire petition without prejudice so that the petitioner may exhaust his unexhausted claims. This option is appropriate where a dismissal would not jeopardize the timeliness of a collateral attack under AEDPA's one year limitations period. *See Zarvela v. Artus*, 254 F.3d 374, 380 (2d Cir. 2001). Second, the district court may stay the federal petition to allow the petitioner to return to state court and exhaust his claims. *See Rhines*, 544 U.S. at 277. This option is available only if the petitioner has shown good cause for his failure to exhaust, and then only if the unexhausted claims are not plainly meritless. *See id.* Third, the district court may allow the petitioner to delete the unexhausted claims and proceed with his exhausted claims. *See Grady v. LeFevre*, 846 F.2d 862, 865 (2d Cir. 1988). This option is available only if the "petitioner expressly and unequivocally acknowledged to the district court that he was abandoning his unexhausted claims" and those claims were not intertwined with the petitioner's exhausted claims. *Id.* Finally, the court may exercise its discretion to deny a mixed petition on the merits if it determines that the unexhausted claims are meritless. *See* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies in the courts of the State."); *see also Velazquez v. Poole*, 614 F. Supp. 2d 284, 311 (E.D.N.Y. 2007). It is within the discretion of the district courts to decide whether to dismiss, deny, or stay the proceedings when presented with a mixed petition. *See Rose*, 455 U.S. at 515 (stating that the exhaustion doctrine "does not deprive the court of discretion as to the time and mode in which it will exert the powers conferred upon it," but

warning that "discretion should be exercised in light of the relations existing under our system of government" (quoting *Ex parte Royall*, 117 U.S. 241, 251 (1886)).

Petitioner concedes that "the subject petition raises mixed issues" because his claim for ineffective assistance of trial counsel is unexhausted and is not procedurally barred in state court since he may still pursue this claim "in a *coram nobis* § 440.10 pleading to the trial court." (Pet'r's Resp. at 2–3; Habeas Pet. at 6.) *See also Harris v. Phillips*, 05-cv-2870, 2013 WL 1290790, at *6 (E.D.N.Y. Mar. 28, 2013) (Mauskopf, J.) ("There is no time limit on bringing a § 440.10 petition." (citing N.Y. Crim. Proc. Law § 440.10)).[2]

Given this fact, the Court finds that a dismissal without prejudice is appropriate because petitioner has well over three months remaining in his statute of limitations period to return a fully exhausted habeas petition to the district court. *See Rose*, 455 U.S. at 518 ("The exhaustion doctrine is principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings."); *Zarvela*, 254 F.3d at 380 (explaining that a district court may dismiss a mixed petition without prejudice if doing so does not jeopardize the timeliness of a collateral attack under AEDPA's one year limitations period). Because a pending *coram nobis* motion in state court pursuant to N.Y. Crim. Proc. Law § 440.10 tolls AEDPA's statute of limitations period, the remaining time in petitioner's limitations period is sufficient to bring such a motion to the state court and return a fully exhausted habeas petition to the district court. *See* 28 U.S.C. § 2244(d)(2); N.Y. Crim. Proc. Law § 440.10; *Pratt v. Greiner*, 306 F.3d 1190, 1191 (2d Cir. 2002) ("If 'properly filed' under 28 U.S.C. § 2244(d)(2), [a

---

[2] The parties dispute whether certain other claims are exhausted or unexhausted and procedurally barred. Specifically, the parties disagree on whether petitioner has exhausted his claims relating to the sufficiency of the evidence and the trial court's *Molineaux* ruling. (Pet'r's Resp. at 3; Mot. Dismiss Habeas Pet. at 9, 16–17.) The Court notes that both claims appear to be exhausted as both were raised in the Appellate Division and the Court of Appeals. *See* Pet'r's App. Div. Br. (Doc. No. 6) at 37; Pet'r's Leave Appl. (Doc. No. 6-1) ¶¶ 20–22 at 9–10 (raising sufficiency of the evidence); *see also* Addendum to Habeas Pet. at 41; Pet'r's App. Div. Br. at 61, 66; Pet'r's Leave Appl. at 3, 8 (raising *Molineaux* issues).

§ 440.10] motion [] toll[s] the one-year statute of limitations under the Antiterrorism and Effective Death Penalty Act of 1996.") In fact, petitioner has far more time remaining than the 60-day period considered sufficient in this Circuit. *See Zarvela*, 254 F.3d at 381–82 (stating that a stay and abeyance should only be granted for habeas petitioners "with fewer than 60 days remaining on the limitations period"). Indeed, petitioner calculates that he has until November 8, 2013,[3] to bring a timely habeas petition. (Addendum to Habeas Pet. at 4.) As such, it is appropriate for this Court to dismiss the petition without prejudice to allow petitioner to fully exhaust his claims.

Petitioner's arguments for the court to consider both his exhausted and unexhausted claim on the merits, stay this action, or excise his unexhausted claim are unavailing. To consider petitioner's unexhausted claim on the merits is premature while petitioner has several months remaining in his statute of limitations. *See McCrae v. Artus*, 10-cv-2988, 2012 WL 3800840, at *8 (E.D.N.Y. Sept. 2, 2012) (Mauskopf, J.) (finding that "[a]lthough the Court is skeptical of petitioner's . . . unexhausted claims, it would be premature to adjudicate them"). Likewise, a stay and abeyance is improper here because petitioner has not shown good cause for his failure to exhaust his ineffective assistance of counsel claim. *See Rhines*, 544 U.S. at 277 ("[A] stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in the state court."). Finally, the Court declines to proceed solely on petitioner's exhausted claims because petitioner conditioned this requested on the Court declining to hear the merits of his unexhausted and exhausted claims together. (Pet'r's

---

[3] Under AEDPA, petitioners not seeking certiorari from the United States Supreme Court have 1 year and 90 days from the conclusion of direct review to bring a habeas petition to the federal courts. 28 U.S.C. § 2254(d)(1)(A). The Court notes that 1 year and 90 days from the date the Court of Appeals denied petitioner's application for leave, August 2, 2012, is October 31, 2013. Petitioner is cautioned that unless he has been or will be pursuing other state proceedings that would toll this date, his claims will become time-barred on October 31, 2013. *See* 28 U.S.C. § 2254(d)(2).

5

Resp. at 4.) *See Grady*, 846 F.2d at 865 (declining to excise unexhausted claims when petitioner stated "*conditionally* that his claims would be withdrawn" rather than "unequivocally abandon[ing] his claims"); *see also Sanders v. U.S.*, 373 U.S. 1, 18 (1963) ("Nothing in the traditions of habeas corpus requires the federal courts to tolerate needless piecemeal litigation.").

## CONCLUSION

Accordingly, it is hereby ORDERED that petitioner's petition for writ of habeas corpus is DISMISSED WITHOUT PREJUDICE. The Clerk of Court is directed to dismiss this petition, enter Judgment accordingly, and close the case.

SO ORDERED.

Dated: Brooklyn, New York
 September 1, 2013

*Roslynn R. Mauskopf*
_____
ROSLYNN R. MAUSKOPF
United States District Judge